**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MATTHEW ESCALANTE,

          Plaintiff,

v.

PAUL W. BURMASTER,

          Defendant.

Case No. 23-cv-2130-TC-TJJ

### ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**TO THE PLAINTIFF:**

      Plaintiff commenced this action *pro se* on March 23, 2023, by filing a complaint (ECF No. 1) against the state district court judge presiding over his civil child custody case, who entered an order restricting Plaintiff's contact with the court. Plaintiff filed an Amended Verified Complaint (ECF No. 7) ("Complaint") and Affidavit (ECF No. 8) on March 30, 2023. This matter is before the Court on Plaintiff's motion (ECF No. 4) requesting leave to proceed without prepayment of the filing fee under the *in forma pauperis* statute ("IFP").[1] Plaintiff filed his Affidavit of Financial Status (ECF No. 9) on April 3, 2023. Based on the information provided in

---

[1] 28 U.S.C. § 1915(a)(1).

Plaintiff's motion and financial affidavit, the Court grants Plaintiff leave to proceed IFP in this case but withholds service of process pending review pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

When a plaintiff is granted leave to proceed IFP, the court may screen the plaintiff's complaint as provided in 28 U.S.C. § 1915(e)(2)(B), which requires the court dismiss the case at any time if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate."[4]

Plaintiff alleges in his Complaint that he brings this suit pursuant to 42 U.S.C. § 1983 for Defendant's violations, under color of law as a state court judge, of certain protections guaranteed to Plaintiff by the First and Sixth Amendments to the U.S. Constitution.[5] Plaintiff alleges Defendant violated his First and Sixth Amendment rights by issuing a court order on March 20, 2023 restricting Plaintiff's contact with the court. Plaintiff also complains Defendant has sanctioned him $500 and denied several motions Plaintiff filed, including a motion alleging interference with Plaintiff's parenting time and a motion requesting the judge recuse. Plaintiff also makes allegations concerning Defendant's alleged interference with Plaintiff's employment

---

[2] While such review of the complaint may occur at any time and the court is not obligated to conduct the review before service of process, *Buchheit v. Green,* 705 F.3d 1157, 1160 (10th Cir. 2012), dismissals "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Buchheit,* 705 F.3d at 1161.

[5] Am. Compl. (ECF No. 7) at 1.

applications and opportunities to be hired as a Johnson County District Court clerk or for other court services positions. Plaintiff requests equitable relief in the form of "injunctive relief commanding [D]efendant to honor recusal" of Defendant to restore his First, Sixth, and Fourteenth Amendment rights.[6]  Plaintiff also requests "declaratory relief as this Court deems appropriate [and] just" and "dismissal" of the March 20, 2023 order entered by Defendant restricting Plaintiff's contact with the Johnson County, Kansas District Court.[7]

Based upon the Court's review of Plaintiff's Complaint and other filings in the record, it appears Plaintiff's claims against Defendant, relating to the judge's orders and actions in that case, are barred by judicial immunity. The Court further notes the *Younger* abstention doctrine appears applicable and prevents the Court from ruling on Plaintiff's claims. Finally, Plaintiff's requests for injunctive relief against Defendant—a judicial officer—are not allowed under 42 U.S.C. § 1983.

## I.      Judicial Immunity

Because Plaintiff is suing the state court judge presiding over his civil custody case asserting claims based upon the judge's orders and actions in that case, it appears that Plaintiff's claims are barred by judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction."[8] Furthermore, judicial

---

[6] Am. Compl. (ECF No. 7) at 6.

[7] *Id.*

[8] *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . .").

immunity cannot be overcome by allegations of bad faith or malice.[9] Judicial immunity is overcome in only two sets of circumstances: (1) when the judge undertakes nonjudicial actions, i.e., actions not taken within the judge's judicial capacity; or (2) judicial actions taken in the complete absence of all jurisdiction.[10] Whether an action constitutes a judicial act for the purposes of judicial immunity is determined by considering two factors: (1) the nature of the act itself, i. e., whether it is a function normally performed by a judge; and (2) the expectations of the parties, i. e., whether the parties understood they were dealing with the judge "in his judicial capacity." [11]

In this case, Plaintiff pleads that Defendant presides over his civil custody matter.[12] The Complaint makes clear that Plaintiff understands he was dealing with Defendant in his judicial capacity with respect to issues alleged in the Complaint. Plaintiff's claims and requests for relief are based upon Defendant's rulings and orders issued in the state court child custody proceedings and appear to be within the scope of Defendant's judicial duties.  This includes the order that restricts Plaintiff's contact with the state court.[13]  Issuance of court orders is a function normally performed by a judge and specifically no-contact orders are at times used by judges to maintain

---

[9] *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[10] *Id.* at 11–12 (quotations and citations omitted).

[11] *Id.* at 12 (citing *Stump*, 435 U.S. at 362).

[12] Am. Compl. (ECF No. 7) at 2.

[13] Plaintiff has attached a copy of that order as Exhibit 1 to his Amended Complaint (ECF No. 7-1). The order restricting Plaintiff's contact with the state court states it was based upon Plaintiff's persistent practice of contacting various state court personnel in various departments, agencies, and officials.

and/or control their courts.[14] Plaintiff was a party to the proceeding and dealt with the judge in his judicial capacity. Plaintiff also makes vague allegations in his Complaint that Defendant interfered with his employment opportunities but does not explain how Defendant interfered. To the extent the judge's alleged interference is based upon his issuance of the order restricting Plaintiff's contact with the court, this action is also within the scope of Defendant's judicial duties of maintaining efficient control of his court.

As Defendant was acting within the scope of his judicial duties for the actions upon which Plaintiff complains, Plaintiff is ordered to show cause in writing why his claims against Defendant should not be dismissed as barred by judicial immunity.

## II.        *Younger* Abstention

Because Plaintiff's state court custody proceedings are currently ongoing, it also appears this Court should abstain from intervening in the matter under the *Younger* doctrine.[15] The *Younger* doctrine provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."[16] *Younger* abstention is required when: (1) there is an ongoing state judicial proceeding involving the federal plaintiff;

---

[14] *See Simonds v. Shearer*, No. 3:22-CV-118 (CAR), 2023 WL 274469, at *3 (M.D. Ga. Jan. 18, 2023) (state court judge was acting within her judicial capacity when she entered a lifetime no-contact order against plaintiff).

[15] *Younger v. Harris*, 401 U.S. 37, 46 (1971) (The *Younger* abstention doctrine reflects "longstanding public policy against federal court interference with state court proceedings.").

[16] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

(2) that implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges.[17]

The Supreme Court, in *Sprint Communications, Inc. v. Jacobs*, has limited *Younger*'s application to the following three types of state court proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings akin to criminal prosecutions; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."[18] In *Sprint*, the Supreme Court further clarified the three *Middlesex* conditions for abstention are not dispositive, but are "instead, additional factors appropriately considered by the federal court before invoking *Younger*."[19] After the 2013 *Sprint* opinion limiting *Younger*, the Tenth Circuit has affirmed cases applying *Younger* to child

---

[17] *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). These are referred to as the "*Middlesex* conditions." *See also Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022) ("For *Younger* abstention to apply, there must be: (1) an ongoing state judicial proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceedings.")(internal quotations and citations omitted).

[18] *Sprint*, 571 U.S. at 73(quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (1989)). *See also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (recognizing the three categories of state proceedings *Younger* abstention applies).

[19] *Sprint*, 571 U.S. at 81.

custody cases.[20]  The issue whether *Younger* abstention is applicable may be raised by the court *sua sponte*.[21]

Liberally construing the Complaint and Plaintiff's other filings in this case, as is appropriate since Plaintiff is proceeding *pro se*,[22] it appears *Younger* abstention is applicable to this case. The child custody proceedings Plaintiff challenges in this case fall within the third category of state court proceedings where *Younger* requires abstention—"civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their

---

[20] *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for constitutional violations in connection with state-court divorce and child-custody proceedings, to the extent that the state-court proceedings were ongoing).

[21] *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (stating that "abstention may be raised by the court *sua sponte*"); *Morrow v. Winslow*, 94 F.3d 1386, 1390-91 & n.3 (10th Cir. 1996) (raising and applying *Younger* abstention doctrine *sua sponte*, and holding that parties need not raise the *Younger* abstention doctrine to preserve its applicability); *S.F.M. by & through Baker v. Gilmore*, No. 17-2574, 2018 WL 1536504, at *3 (D. Kan. Mar. 29, 2018) ("[A] court may raise the application of *Younger sua sponte*.").

[22] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate. *Id.*

judicial functions."[23]   An order restricting or limiting a person's contact with the state court is also one uniquely in furtherance of the state court's ability to perform its judicial function. Further implicating *Younger* abstention, these proceedings appear to be ongoing. The order restricting Plaintiff's contact with the court was entered only a month ago, on March 20, 2023, and Plaintiff references upcoming hearings in May 2023 in his recent court filings.[24]

The *Middlesex* conditions requiring abstention are also satisfied here. The state child custody proceedings at issue in this case involve important state interests, matters which "traditionally look to state law for their resolution or implicate separately articulated state policies."[25] The Tenth Circuit has found "child custody proceedings are an especially delicate subject of state policy" for purposes of *Younger* abstention,[26] noting the Supreme Court has stated that "[f]amily relations are a traditional area of state concern."[27] As recently stated by this

---

[23] *See Balderama v. Bulman,* No. CIV 21-1037 JB/JFR, 2023 WL 2728148, at *10 (D.N.M. Mar. 31, 2023) (finding the breadth of consensus among district courts and Courts of Appeal demonstrates that direct challenges to child custody and support orders, and related proceedings, fall into *Sprint's* third category of exceptional cases, i.e., civil proceedings that involve orders uniquely in furtherance of a State court's ability to perform its judicial functions); *Gibson v. Lopez,* No. 21-cv-02610-MJM-NYW, 2022 WL 2158986, at *6 (D. Colo. June 15, 2022) (concluding that actions "borne of an ongoing domestic relations matter within the jurisdiction of the" state court and which relate to the child support orders negotiated in and supervised by that court fall within the category of "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions"*); Wright v. Oklahoma Cnty.*, No. CIV-20-00346-JD, 2020 WL 8335672, at *9 (W.D. Okla. Aug. 31, 2020) (finding divorce proceedings were a "pending civil proceeding[ ] involving" domestic-relations issues such as divorce and child support orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions" requiring abstention under *Younger*).

[24] *See* Pl.'s Mot. for Emergency Docketing (ECF No. 12) filed April 18, 2023 listing upcoming May 1, 2023 fraud hearing and child support hearing for contempt.

[25] *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

[26] *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).

[27] *Id.* (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)).

court, "child custody actions clearly involve important state interests."[28] Recusal or disqualification of a state court judge also implicates important state interests, and the State of Kansas has an important state interest in determining the validity of its courts' orders.[29] This is particularly true for a state court order that restricts a litigant's access to the state courts.

Finally, Plaintiff has not shown state court is an inadequate forum, especially given that Kansas courts may consider constitutional challenges to child custody and adoption proceedings on appeal.[30] "[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims," a plaintiff typically has "an adequate opportunity to raise federal claims in state court."[31] State court thus provides an adequate forum for Plaintiff to raise his claims that Defendant's judicial order restricting his contact with the court violate his constitutional rights. For purposes of *Younger*, the fact that plaintiff could have raised his constitutional claims on appeal in the state courts is sufficient to establish the state court as an adequate forum.[32]

Plaintiff's ongoing child custody proceedings fall within the third category of state court proceedings—those involving orders uniquely in furtherance of a state court's ability to perform its judicial functions—and all the *Younger* conditions appear to be satisfied, thus requiring the Court to abstain from exercising jurisdiction over Plaintiff's claims in this case. Plaintiff is

---

[28] *Flagg v. Kansas Dep't of Child. & Fam. Servs.*, No. 21-1281-JAR-GEB, 2022 WL 1421541, at *5 (D. Kan. May 5, 2022).

[29] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1267 (D. Kan. 2008).

[30] *Flagg*, 2022 WL 1421541, at *5.

[31] *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

[32] *See Moore,* 442 U.S. at 430 (adequate forum existed when state law posed no procedural barriers to raising constitutional claims).

therefore ordered to show cause in writing why this case should not be dismissed pursuant to the *Younger* doctrine.

### III.        Injunctive Relief Under Section 1983

Finally, Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."[33] Section 1983, as amended in 1996, thus "explicitly immunizes judicial officers against suits for injunctive relief."[34]

In his Complaint, Plaintiff requests injunctive relief commanding Defendant to recuse or requesting his disqualification. Plaintiff also requests "dismissal" of the March 20, 2023 order entered by Defendant restricting Plaintiff's contact with the Johnson County, Kansas District Court.  The alleged basis for these requests for injunctive relief arises from and relates to orders and actions taken by Defendant while in his role as a state court judge in Plaintiff's child custody matter. These actions were taken by Defendant, a judicial officer, in his judicial capacity. Therefore, Plaintiff's requests for injunctive relief based on those judicial actions are not allowed by Section 1983. Plaintiff is therefore directed to show cause in writing why his requests for

---

[33] 42 U.S.C. § 1983 ([I]in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (alterations and internal citations and quotation marks omitted).

[34] *Sitomer v. King*, 549 U.S. 1210 (2007).

injunctive relief against Defendant should not be denied under 42 U.S.C. § 1983 for immunity from injunctive relief for judicial acts.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 4) is hereby granted, but the Court withholds service of process pending § 1915(e) review following receipt of a response by Plaintiff to the Order to Show Cause set forth below.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable Toby Crouse, United States District Judge, on or before **May 22, 2023**, (1) why his claims against Defendant should not be dismissed as barred by judicial immunity; (2) why the Court should not abstain from ruling on the merits of Plaintiff's claims under the *Younger* abstention doctrine, and (3) why his requests for injunctive relief against Defendant—a judicial officer—should not be denied under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Plaintiff's failure to file a timely response may result in this matter being dismissed without further prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 28th day of April, 2023.

Teresa J. James
U. S. Magistrate Judge