IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW ESCALANTE,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL W. BURMASTER,<br><br>    Defendant. | Case No. 23-cv-2130-TC-TJJ |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 5). Plaintiff, proceeding *pro se* and *in forma pauperis*,[1] requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied.

Unlike a criminal defendant, a plaintiff bringing a civil case has no constitutional or statutory right to appointed counsel.[2] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides the Court with discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel,[3] and Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[4] In determining whether to appoint counsel under 28 U.S.C. § 1915(e),

---

[1] *See* Order granting Plaintiff's motion for leave to proceed *in forma pauperis* and Order to Show Cause (ECF No. 13).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[3] *See, e.g., Leon v. Garmin Int'l.*, No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[4] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating []

the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[5] The burden is on the plaintiff to convince the Court that his or her claim has sufficient merit to warrant the appointment of counsel.[6] In addition to these requirements, non-incarcerated plaintiffs in civil cases requesting the appointment of counsel must also first show they have made reasonably diligent efforts under the circumstances to obtain an attorney to represent them. The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[7]

In his Motion and Declaration of Good Faith Efforts to Obtain Counsel, Plaintiff lists the names of three attorneys who he contacted regarding legal representation and the responses he received. The Court typical requires a plaintiff in a civil case to confer with at least <u>five</u> attorneys regarding legal representation before seeking an appointed attorney.[8] The Court therefore finds that Plaintiff failed to make an affirmative showing he made reasonable, good

---

appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[5] *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[6] *Hill,* 393 F.3d at 1115.

[7] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[8] *See* Motion (ECF No. 5) at 2 ("I understand that the court typically requires that before seeking an appointed attorney, a plaintiff confer with (not merely contact) at least five attorneys regarding legal representation.").

faith efforts or attempts to secure counsel prior to filing his motion.

In addition to his insufficient efforts to secure counsel before filing his motion, Plaintiff also fails to convince the Court that appointment of counsel is warranted under the factors set out above. Based on the Court's review of the documents Plaintiff has filed to date, including his Verified Complaint (ECF No. 1) and Amended Verified Complaint (ECF No. 7), Plaintiff appears able to have the ability to present his claims. He has been able to adequately communicate to the Court the pertinent allegations giving rise to his claims, which are asserted against a single defendant and not factually complex. Finally, neither the nature of the factual or legal issues raised, nor the merits of Plaintiff's claims justify appointing him counsel. Given the liberal standards governing *pro se* litigants, if Plaintiff devotes sufficient efforts to presenting his case, he can do so adequately without the assistance of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is denied.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 28th day of April, 2023.

Teresa J. James
U.S. Magistrate Judge