IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW ESCALANTE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PAUL W. BURMASTER,<br><br>　　　　Defendant. | Case No. 23-cv-2130-TC-TJJ |

# REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), any party may file a written objection to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT

Plaintiff commenced this action *pro se* on March 23, 2023, by filing a complaint (ECF No. 1) against the state district court judge presiding over his civil child custody case, who entered an order restricting Plaintiff's contact with the court. Plaintiff alleges in his Amended Complaint that he brings this suit pursuant to 42 U.S.C. § 1983 for Defendant's violations, under color of law as a state court judge, of certain protections guaranteed to Plaintiff by the First and

Sixth Amendments to the U.S. Constitution.[1] Plaintiff alleges Defendant violated his First and Sixth Amendment rights by issuing a court order on March 20, 2023 restricting Plaintiff's contact with the court. Plaintiff also complains Defendant has sanctioned him $500 and denied several motions Plaintiff filed, including a motion alleging interference with Plaintiff's parenting time and a motion requesting the judge recuse. Plaintiff also makes allegations concerning Defendant's alleged interference with Plaintiff's employment applications and opportunities to be hired as a Johnson County District Court clerk or for other court services positions. Plaintiff requests equitable relief in the form of "injunctive relief commanding [D]efendant to honor recusal" of Defendant to restore his First, Sixth, and Fourteenth Amendment rights.[2] Plaintiff also requests "declaratory relief as this Court deems appropriate [and] just" and "dismissal" of the March 20, 2023 order entered by Defendant restricting Plaintiff's contact with the Johnson County, Kansas District Court.[3]

On April 28, 2023, the Court entered an Order to Show Cause (ECF No. 13)[4] requiring Plaintiff to show good cause in writing on or before May 22, 2023: (1) why his claims against Defendant should not be dismissed as barred by judicial immunity; (2) why the Court should not abstain from ruling on the merits of Plaintiff's claims under the *Younger* abstention doctrine, and

---

[1] Am. Compl. (ECF No. 7) at 1.

[2] *Id.* at 6.

[3] *Id.*

[4] The Order also granted Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 4), but withheld service of process on Defendant pending 28 U.S.C. § 1915(e) review following receipt of a response by Plaintiff to the Order to Show Cause.

(3) why his requests for injunctive relief against Defendant—a judicial officer—should not be denied under 42 U.S.C. § 1983.

Plaintiff filed the following documents after entry of the Order to Show Cause, which the Court has considered in making its rulings herein:[5]

1. Second Amended Verified Complaint (ECF No. 16);

2. "Plaintiff's Declaration of the Johnson County 10th Judicial District Judge Paul W. Burmaster's Violation of Plaintiff's Right to Access the District Court Dropbox for Pleading Submissions as Pro Se" (ECF No. 17);

3. Response to Order to Show Cause (ECF No. 18);

4. Amended Response to Order to Show Cause (ECF No. 23);

5. "Complaint Bearing Affirmatives of Defendant District Court Judge Depriving Constitutional Rights of the Plaintiff With the Potential of Causing Irreparable Harm to the Plaintiff and his Children" (ECF No. 27);

6. "Re-Amended Complaint Bearing Affirmatives of Defendant District Court Judge Depriving Constitutional Rights of the Plaintiff With the Potential of Causing Irreparable Harm to Plaintiff and his Children" (ECF No. 28).

## I. Standards Applicable to Pro Se Litigants

In reviewing Plaintiff's responses to the show cause order and other filings in this case, the undersigned Magistrate Judge keeps in mind that Plaintiff is proceeding *pro se* and his pleadings "are to be construed liberally and held to a less stringent standard than formal

---

[5] In the interests of judicial economy and to ensure the validity of its rulings herein, the Court has considered the claims and arguments raised by Plaintiff in all of the listed filings in issuing its Report and Recommendation here, even those which were not properly filed. Most notably, ECF Nos. 16, 27, and 28, docketed by the Clerk as amended complaints, were improperly filed by Plaintiff without leave of court as required by Fed. R. Civ. P. 15(a). The Court has considered them in order to issue a single comprehensive Report and Recommendation, but without condoning Plaintiff's improper filings. Plaintiff is cautioned that any future attempted amendments without leave of court are likely to be stricken.

pleadings drafted by lawyers."[6] This means "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[7] However, it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant.[8] For that reason, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[9]

## II. Judicial Immunity

The Order to Show Cause requires Plaintiff to show good cause why his claims against Defendant should not be dismissed as barred by judicial immunity. Plaintiff is suing the state court judge presiding over his civil custody case asserting claims based upon the judge's orders and actions in that case.

A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction."[10] Furthermore, judicial immunity cannot be overcome by allegations of bad faith or malice.[11] Judicial immunity is overcome in only two sets of

---

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

[8] *Id.*

[9] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

[10] *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . .").

[11] *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

circumstances: (1) when the judge undertakes nonjudicial actions, i.e., actions not taken within the judge's judicial capacity; or (2) judicial actions taken in the complete absence of all jurisdiction.[12] Whether an action constitutes a judicial act for the purposes of judicial immunity is determined by considering two factors: (1) the nature of the act itself, that is, whether it is a function normally performed by a judge; and (2) the expectations of the parties, that is, whether the parties understood they were dealing with the judge "in his judicial capacity."[13] The reason the doctrine of judicial immunity exists has been summarized as follows:

> If judicial immunity did not exist, every litigant, not just plaintiff, following each adverse ruling or unfavorable decision, could instigate a lawsuit for monetary damages against the presiding judge. Such a possibility would paralyze the judiciary, intrude on the independence of the judiciary, and render the fair and impartial system of justice a nullity.[14]

In this case, Plaintiff pleads that Defendant presides over his civil custody matter.[15] Plaintiff's Amended Complaint makes clear Plaintiff understands he was dealing with Defendant in his judicial capacity with respect to issues alleged. Plaintiff's claims and requests for relief are based upon Defendant's rulings and orders issued in the state court child custody proceedings and appear to be within the scope of Defendant's judicial duties. This includes the order that

---

[12] *Id.* at 11–12 (quotations and citations omitted).

[13] *Id.* at 12 (citing *Stump*, 435 U.S. at 362).

[14] *Brooks v. Graber*, No. 00-2262-DES, 2000 WL 1679420, at *6 (D. Kan. Nov. 6, 2000).

[15] Am. Compl. (ECF No. 7) at 2. *See also* Re-Amended Complt. (ECF No. 28) at 1 (alleging Defendant is "acting in his official capacity as Judge presiding over the Plaintiff's county civil custody case JOCO 18CV03813").

restricts Plaintiff's contact with the state court.[16] Issuance of court orders is a function normally performed by a judge and specifically no-contact orders are at times used by judges to maintain and/or control their courts.[17] Plaintiff was a party to the proceeding and dealt with the judge in his judicial capacity.

The Court noted in its Show Cause Order that Plaintiff made vague allegations in his Complaint that Defendant interfered with Plaintiff's employment opportunities but did not explain how Defendant interfered. Plaintiff attempts to address his prior vagueness in his response to the Show Cause Order.[18] Plaintiff alleges he still had two "open considered" employment applications prior to Defendant's issuance of the March 20, 2023 order restricting Plaintiff's communications with the court, but after its entry the court recruiters severed communications with him. Plaintiff makes a conclusory argument that the timing shows the order impacted his employment opportunities. Regardless, Defendant's entry of the order was still within the scope of his judicial duties of maintaining efficient control of his court.

Plaintiff also argues in his response and amended response to the Show Cause Order (ECF Nos. 18 and 23) that Defendant "went out of his jurisdiction" and acted with the "clear absence of authority" (ECF No. 23) when Defendant issued the order restricting Plaintiff's

---

[16] Plaintiff has attached a copy of that order as Exhibit 1 to his Amended Complaint (ECF No. 7-1). The order restricting Plaintiff's contact with the state court states it was based upon Plaintiff's persistent practice of contacting various state court personnel in various departments, agencies, and officials.

[17] *See Simonds v. Shearer*, No. 3:22-CV-118 (CAR), 2023 WL 274469, at *3 (M.D. Ga. Jan. 18, 2023) (state court judge was acting within her judicial capacity when she entered a lifetime no-contact order against plaintiff).

[18] ECF No. 18 at 3.

contact with the court. The Court construes this as Plaintiff's argument that Defendant is not entitled to judicial immunity.

However, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."[19] A distinction thus exists "between *excess* of jurisdiction and the *clear absence* of all jurisdiction over the subject-matter."[20] Under the latter, "[t]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial."[21] A court invested with jurisdiction over the subject matter in question does not act in the clear absence of all jurisdiction.[22]

Plaintiff alleges no facts suggesting Defendant acted in the "clear absence of all jurisdiction." Plaintiff has not alleged Defendant lacked subject-matter jurisdiction over the state-court proceedings before him. Rather, Plaintiff's argument is that Defendant acted in *excess* of his authority, which claim is subject to judicial immunity. The undersigned Magistrate Judge therefore recommends that all of Plaintiff's claims against Defendant be dismissed as barred by judicial immunity. In reaching this conclusion and recommendation, the undersigned has

---

[19] *Stump*, 435 U.S. at 356–57.

[20] *Id.* at 356 n.7 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351–52 (1871)) (emphasis added).

[21] *Id.*

[22] *Stein v. Disciplinary Bd. of Supreme Ct. of NM*, 520 F.3d 1183, 1196 (10th Cir. 2008).

considered all of the claims and arguments raised in Plaintiff's various filings that might possibly be pertinent to the rulings herein.[23]

### III.     *Younger* Abstention

The Order to Show Cause also requires Plaintiff to show good cause why this Court should not abstain from ruling on the merits of Plaintiff's claims under the *Younger* abstention doctrine.[24] The *Younger* doctrine provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."[25] *Younger* abstention is required when: (1) there is an ongoing state judicial proceeding involving the federal plaintiff; (2) that implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges.[26]

The Supreme Court, in *Sprint Communications, Inc. v. Jacobs*, has limited *Younger*'s application to the following three types of state court proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings akin to criminal prosecutions; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability

---

[23] *See supra* note 5.

[24] *Younger v. Harris*, 401 U.S. 37, 46 (1971) (The *Younger* abstention doctrine reflects "longstanding public policy against federal court interference with state court proceedings.").

[25] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

[26] *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). These conditions are commonly referred to as the "*Middlesex* conditions." *See also Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022) (applying the *Middlesex* conditions).

to perform their judicial functions."[27] In *Sprint*, the Supreme Court further clarified the three *Middlesex* conditions for abstention are not dispositive, but are "instead, additional factors appropriately considered by the federal court before invoking *Younger*."[28] After the 2013 *Sprint* opinion limiting *Younger*, the Tenth Circuit has affirmed cases applying *Younger* to child custody cases.[29] The issue whether *Younger* abstention is applicable may be raised by the court *sua sponte*.[30]

Liberally construing the Complaint and Plaintiff's other filings in this case, as is appropriate since Plaintiff is proceeding *pro se*,[31] it appears *Younger* abstention is applicable to this case. The child custody proceedings Plaintiff challenges in this case fall within the third category of state court proceedings where *Younger* requires abstention—"civil proceedings

---

[27] *Sprint*, 571 U.S. at 73(quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (1989)). *See also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (recognizing the three categories of state proceedings to which *Younger* abstention applies).

[28] *Sprint*, 571 U.S. at 81.

[29] *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for constitutional violations in connection with state-court divorce and child-custody proceedings, to the extent that the state-court proceedings were ongoing).

[30] *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (stating that "abstention may be raised by the court *sua sponte*"); *Morrow v. Winslow*, 94 F.3d 1386, 1390-91 & n.3 (10th Cir. 1996) (raising and applying *Younger* abstention doctrine *sua sponte*, and holding that parties need not raise the *Younger* abstention doctrine to preserve its applicability); *S.F.M. by & through Baker v. Gilmore*, No. 17-2574, 2018 WL 1536504, at *3 (D. Kan. Mar. 29, 2018) ("[A] court may raise the application of *Younger sua sponte*.").

[31] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate. *Id.*

involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."[32] An order restricting or limiting a person's contact with the state court is also one uniquely in furtherance of the state court's ability to perform its judicial function. Further implicating *Younger* abstention, the state court proceedings appear to be ongoing. The order restricting Plaintiff's contact with the court was entered less than three months ago, on March 20, 2023, and Plaintiff references at least one May 2023 hearing in his recent court filings.[33]

The *Middlesex* conditions requiring abstention are also satisfied here. The state child custody proceedings at issue in this case involve important state interests, matters which "traditionally look to state law for their resolution or implicate separately articulated state policies."[34] The Tenth Circuit has found "child custody proceedings are an especially delicate subject of state policy" for purposes of *Younger* abstention,[35] noting the Supreme Court has

---

[32] *See Balderama v. Bulman,* No. CIV 21-1037 JB/JFR, 2023 WL 2728148, at *10 (D.N.M. Mar. 31, 2023) (finding the breadth of consensus among district courts and Courts of Appeal demonstrates that direct challenges to child custody and support orders, and related proceedings, fall into *Sprint's* third category of exceptional cases, i.e., civil proceedings that involve orders uniquely in furtherance of a State court's ability to perform its judicial functions); *Gibson v. Lopez,* No. 21-cv-02610-MJM-NYW, 2022 WL 2158986, at *6 (D. Colo. June 15, 2022) (concluding that actions "borne of an ongoing domestic relations matter within the jurisdiction of the" state court and which relate to the child support orders negotiated in and supervised by that court fall within the category of "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions"); *Wright v. Oklahoma Cnty.*, No. CIV-20-00346-JD, 2020 WL 8335672, at *9 (W.D. Okla. Aug. 31, 2020) (finding divorce proceedings were a pending civil proceeding involving domestic-relations issues such as divorce and child support orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions" requiring abstention under *Younger*).

[33] *See* Pl.'s Second Am. Ver. Compl. (ECF No. 16) referencing a May 1, 2023 fraud hearing and child support hearing.

[34] *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

[35] *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).

stated that "[f]amily relations are a traditional area of state concern."[36] As recently stated by this court, "child custody actions clearly involve important state interests."[37] Recusal or disqualification of a state court judge also implicates important state interests, and the State of Kansas has an important state interest in determining the validity of its courts' orders.[38] This is particularly true for a state court order that restricts a litigant's access to the state courts.

Finally, Plaintiff has not shown state court is an inadequate forum, especially given that Kansas courts may consider constitutional challenges to child custody and adoption proceedings on appeal.[39] "[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims," a plaintiff typically has "an adequate opportunity to raise federal claims in state court."[40] State court thus provides an adequate forum for Plaintiff to raise his claims that Defendant's judicial order restricting his contact with the court violates his constitutional rights. For purposes of *Younger*, the fact that plaintiff could have raised his constitutional claims on appeal in the state courts is sufficient to establish the state court as an adequate forum.[41]

Plaintiff's ongoing child custody proceedings fall within the third category of state court proceedings—those involving orders uniquely in furtherance of a state court's ability to perform

---

[36] *Id.* (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)).

[37] *Flagg v. Kansas Dep't of Child. & Fam. Servs.*, No. 21-1281-JAR-GEB, 2022 WL 1421541, at *5 (D. Kan. May 5, 2022).

[38] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1267 (D. Kan. 2008).

[39] *Flagg*, 2022 WL 1421541, at *5.

[40] *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

[41] *See Moore,* 442 U.S. at 430 (adequate forum existed when state law posed no procedural barriers to raising constitutional claims).

its judicial functions—and all the *Younger* conditions are satisfied, thus requiring the Court to abstain from exercising jurisdiction over Plaintiff's claims in this case.

The undersigned Magistrate Judge therefore recommends that this case be dismissed pursuant to the *Younger* doctrine. In reaching this conclusion and recommendation, the undersigned has considered all of the claims and arguments raised in Plaintiff's various filings that might possibly be pertinent to the rulings herein.[42]

## IV.     Claims for Injunctive Relief Under Section 1983

Finally, the Order to Show Cause requires Plaintiff to show good cause why his request for injunctive relief against Defendant should not be denied under 42 U.S.C. § 1983, which expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."[43] Section 1983, as amended in 1996, "explicitly immunizes judicial officers against suits for injunctive relief."[44]

In his Complaint, Plaintiff requests injunctive relief commanding Defendant to recuse or be disqualified. Plaintiff also requests "dismissal" of the March 20, 2023 order entered by Defendant restricting Plaintiff's contact with the Johnson County, Kansas District Court. The

---

[42] *See supra* note 5.

[43] 42 U.S.C. § 1983 ([I]in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (alterations and internal citations and quotation marks omitted).

[44] *Sitomer v. King*, 549 U.S. 1210 (2007).

alleged bases for these requests for injunctive relief arise from and relate to orders and actions taken by Defendant while in his role as a state court judge in Plaintiff's child custody matter. These actions were taken by Defendant, a judicial officer, in his judicial capacity. Therefore, Plaintiff's requests for injunctive relief based on those judicial actions are not allowed by Section 1983.

Accordingly, the undersigned Magistrate Judge recommends Plaintiff's request for injunctive relief against Defendant be dismissed with prejudice under 42 U.S.C. § 1983. In reaching this conclusion and recommendation, the undersigned has considered all of the claims and arguments raised in Plaintiff's various filings that might possibly be pertinent to the rulings herein.[45]

## V. Futility of Plaintiff's Proposed Amendment of his Complaint and Future Amendment

The Court next considers whether to allow *pro se* Plaintiff a reasonable opportunity to amend his Amended Complaint yet again to remedy the defects in his pleadings.[46] The opportunity to amend should be granted unless amendment would be futile.[47] The court may dismiss *sua sponte* "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[48]

---

[45] *See supra* note 5.

[46] *See Hall,* 935 F.2d at 1110 n.3 ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings").

[47] *Id.* at 1109.

[48] *Id.*

Plaintiff has filed, without leave of court, at least three documents purporting to further amend his Amended Complaint.[49] The Court has reviewed each of them and finds none of them remedy the defects requiring dismissal of all his claims against Defendant. Moreover, the Court finds that allowing Plaintiff an opportunity to amend yet again would be futile because it would not change the fact that he is suing the state court judge who is currently issuing rulings in his state court child custody proceedings. Because any further amendments by Plaintiff would still be barred by judicial immunity, 42 U.S.C. § 1983, or be subject to abstention under the *Younger* doctrine, the undersigned Magistrate Judge finds allowing Plaintiff another chance to amend would also be futile.

## RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that all *pro se* Plaintiff's claims against Defendant be dismissed as barred by judicial immunity and pursuant to the *Younger* abstention doctrine.

**IT IS FURTHER RECOMMENDED** that all Plaintiff's requests for injunctive relief against Defendant under 42 U.S.C. § 1983 be dismissed.

**IT IS FURTHER RECOMMENDED** that the following pending motions be found moot in light of the above recommendation the case be dismissed in its entirety:

- Plaintiff's motion asking for federal intervention (ECF No. 11);
- Plaintiff's "Motion for Emergency Docketing" (ECF No. 12);
- Plaintiff's "Motion for Summary Judgment for Dismissal of District Court Order Restricting [Plaintiff's] Contact with the [State] Court" (ECF No. 19);

---

[49] Fed. R. Civ. P. 15(a)(1) allows a party to amend its pleadings only *once* as a matter of course within the Rule's applicable deadline. Subsequent amendments must be with the other party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

- Plaintiff's Amended "Motion for Summary Judgment for Dismissal of District Court Order Restricting [Plaintiff's] Contact with the [State] Court" (ECF No. 22); and

- Plaintiff's "Emergency Motion for Temporary Injunction Against Enforcement of District Court Order Doc. 262" (ECF No. 25).

A copy of this Report and Recommendation will be sent to Plaintiff at the email address listed on the docket.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 6th day of June, 2023.

_____
Teresa J. James
U. S. Magistrate Judge