**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-02130-TC-TJJ

———————

MATTHEW ESCALANTE,

*Plaintiff*

v.

PAUL W. BURMASTER,

*Defendants*

———————

**ORDER ADOPTING REPORT & RECOMMENDATIONS**

    Magistrate Judge Teresa J. James issued a Show Cause Order requiring Plaintiff Matthew Escalante to show good cause why his claims against Defendant Paul Burmaster should not be dismissed as barred by judicial immunity and under *Younger* abstention. Doc. 13 at 11. Escalante timely responded to that Order. Doc. 18. Judge James then issued a Report and Recommendation that Escalante's claims against Burmaster be dismissed for the same reasons as set forth in the Show Cause Order. Doc. 29 at 14. That R&R allowed Escalante 14 days after service to file any objections. *Id.* at 1. Escalante timely filed an objection. Doc. 30. For the following reasons, the R&R is adopted; Escalante's objection is overruled; his claims against Burmaster, including his request for injunctive relief, are dismissed; and his pending motions are denied as moot.

    Objections to a magistrate judge's recommended disposition must be "both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060.

1

Once a party timely files a written objection to an R&R, the Court must conduct a de novo review of "those portions of the report" to which an objection is lodged. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court."). But for any portion of an R&R to which a party fails to make a proper objection, district courts have discretion to review the recommendation under any standard they deem appropriate. *Summers*, 927 F.2d at 1167–68; *cf. Jones v. Salt Lake Cnty.*, 503 F.3d 1147, 1152 (10th Cir. 2007) (holding failure to object firmly waives appellate review of R&R).

Escalante is proceeding pro se, which requires a generous construction of his pleadings. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, poor syntax and sentence construction, or apparent unfamiliarity with pleading requirements. *Id.* But, importantly, it does not permit the construction of legal theories on Escalante's behalf or the assumption of facts not pled. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Escalante's objection, even liberally construed, identifies no error within the R&R. It focuses on Escalante's view of the merits of his case and the inequity of his situation in the state-court case(s), but it does not identify any mistakes of fact or errors of law in the R&R. *See* Doc. 30. The R&R noted that "[a] state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" Doc. 29 at 4 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). It found that Burmaster is a Kansas judge who presides over Escalante's civil custody matter and that Burmaster's action in that case, including restricting Escalante's communications with the court, was "within the scope of his judicial duties." *Id.* at 5–7. In short, Burmaster was acting in his judicial capacity, and Escalante had not demonstrated any evidence to the contrary. *Id.* at 5–7, 12–13. The R&R ultimately recommended that "all of [Escalante's] claims against [Burmaster] be dismissed as barred by judicial immunity." *Id.* at 7. Escalante did not respond to this immunity issue. *See* Doc. 30.

Nor has Escalante demonstrated that the R&R's invocation of *Younger* abstention is incorrect. Judge James found that the District of Kansas must abstain from deciding this case, even if jurisdiction were

2

proper, because there is an ongoing state proceeding (the most recent order was entered less than three months ago) that implicates important state interests—child custody proceedings involve important state interests and state courts must be able to control their function through orders limiting a person's contact with the court. Doc. 29 at 8–11 (citing, among other cases, *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018)). Further, Escalante had not demonstrated that he could not raise constitutional challenges in state court. *Id.* at 8, 11.

Escalante did not respond to these points. Instead, he argues that *Younger* abstention is inapplicable due to extraordinary circumstances. Doc. 30 at 1–3; *see generally Courthouse News Serv. v. N.M. Admin. Off. of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022)) (recognizing *Younger* requires abstention absent extraordinary circumstances). The extraordinary circumstances exception is narrowly construed and a plaintiff faces a "heavy burden" to demonstrate it exists. *Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of Utah*, 240 F.3d 871, 877 (10th Cir. 2001) (citation omitted). Escalante has not demonstrated that extraordinary circumstances are present. In fact, "child custody proceedings are an especially delicate subject of state policy," *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996), that justifiably warrant avoiding federal intrusion.

Escalante's attempt at identifying an exceptional circumstance fails. Rather than explaining how Burmaster's actions present extraordinary circumstances, Escalante detailed a 2018 criminal case that was "procured out of Fraud" and in which he was "forced to take a plea bargain." Doc. 30 at 2. Even construing this as a sufficiently specific objection, none of those facts demonstrate that he faces extraordinary circumstances that create a threat of great and immediate irreparable harm. *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019) (citation omitted).

The R&R fully analyzed all of Escalante's claims and arguments in reaching its decision. Escalante has failed to identify any error. Judge James's R&R is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Escalante's Objection to the Report and Recommendation, Doc. 30, is overruled. The Report and Recommendation, Doc. 29, is adopted in its entirety. Accordingly, this action is dismissed. Escalante's motion asking for federal intervention, Doc. 11, motion for emergency docketing, Doc. 12, motions for

summary judgment, Doc. 19 & 22, and emergency motion for temporary injunction, Doc. 25, are denied as moot.

    It is so ordered.

Date:  June 14, 2023                s/ Toby Crouse
                                           Toby Crouse
                                           United States District Judge